FOURTH DEPARTMENT, MAY, 1955.

(May 4, 1955.)

■

BETTY I. DAVIS, Respondent, *v.* STATE OF NEW YORK, Appellant.
(Claim No. 31141.)

*Per Curiam.* At about two-fifty o'clock in the morning of November 6, 1950, claimant was a passenger in an automobile which was being driven in a northerly direction on State Highway No. 57. The accident in question happened about two miles north of the Village of Phoenix. The driver of the car died as the result of injuries received in the accident.

Claimant testified that just prior to the accident the car in which she was riding was being operated at a speed of about thirty-five to forty miles per hour. She observed a car approaching in the opposite direction with bright headlights, whereupon the car in which she was riding pulled to the right so that at least the right wheels were off onto the east or righthand shoulder of the road. While it was so traveling on the shoulder, she felt several bumps and then one big bump, after which the car seemed to jump across the road and swerve.

The court found, upon the testimony of witnesses who described the tire marks and other marks made by the car, that the car traveled along the east shoulder in a more or less parallel line with the easterly edge of the concrete for a distance of 210 feet, then diagonally across the concrete portion of the highway in a northwesterly direction a distance of 60 feet, thence into a ditch on the westerly side of the highway in a northerly direction for a distance of 60 feet, after which it rolled over for a further distance of 70 feet northerly, coming to a stop resting upon its top.

The court also found that the shoulders of the highway were solid and sufficient.

The court found also that at or about the point on the easterly edge of the concrete where the tire marks indicated that the car returned from the easterly shoulder back onto the concrete, there was a repair patch which extended from the edge of the concrete out onto the shoulder a distance of about six inches and that the drop-off from the easterly edge of the concrete to the shoulder for some distance south of the repair patch was about three inches, and that in the immediate vicinity of the repair patch it was somewhat greater.

The court determined that the repair patch and the drop-off from the concrete to the level of the shoulder combined to constitute a dangerous situation of which the State had, or, in the exercise of reasonable care, should have had notice.

The court further found that the situation referred to was a proximate cause of the accident.

We are of the opinion that such a finding is not supported by the weight of the evidence. We think that upon the undisputed circumstances, a finding must be made that the sole, proximate cause of the accident and injuries to claimant was the speed of the car and the negligent manner in which it was

operated. Moreover, we are of the opinion that there is no showing here of a situation sufficient to charge the State with negligence.

The judgment of the Court of Claims should therefore be reversed, and the claim dismissed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment reversed, on the law and facts, without costs of this appeal to either party, and claim dismissed, without costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.